UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| ALEJANDRA AGUERO ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | No. 16-CV-2298 |
| ) | |
| BOARD OF TRUSTEES OF THE ) | |
| UNIVERSITY OF ILLINOIS ) | |
| ) | |
|     Defendant. ) | **JURY DEMAND** |

### ANSWER AND AFFIRMATIVE DEFENSES
### TO AMENDED COMPLAINT

NOW COMES Defendant, BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, by and through its attorneys, Thomas, Mamer & Haughey, LLP, and for its ANSWER to Plaintiff's Amended Complaint states as follows:

### NATURE OF THE ACTION

1. Defendant admits that Plaintiff has filed this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq* ("Title VII"); State Officials and Employees Ethics Act (5 ILCS 430/15-5 *et seq*.) ("Ethics Act"); and the Illinois Whistleblower Act, 740 ILCS 174/1 *et seq*. ("Whistleblower Act") and seeks all enumerated damages. However, Defendant denies any unlawful discrimination practices on the basis of Race, National Origin, and Gender under Title VII. Defendant further notes that Plaintiff's claims under the Ethics Act and Whistleblower Act have been dismissed by this Court and denies any unlawful practices under both

1

acts. Finally, Defendant denies that Plaintiff is entitled to any injunctive relief or damages. Defendant denies any remaining allegations and characterizations in paragraph 1 of the Amended Complaint.

## JURISDICTION AND VENUE

2. Defendant admits that this Court has jurisdiction over Plaintiff's timely federal Title VII claims pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e-5(f)(3). Defendant denies that this Court has jurisdiction over Plaintiff's untimely Title VII gender discrimination claim. Defendant denies that this Court has jurisdiction over Plaintiff's state law causes of action, as the Court has dismissed both the Ethics Act and Whistleblower Act claims on jurisdictional grounds.

3. Defendant admits that venue is proper in the Urbana Division of the Central District of Illinois.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. Defendant denies the allegations contained in paragraph 4 of the Amended Complaint.

5. Defendant admits that Plaintiff's has timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") for Title VII race and national origin claims. Defendant admits that Plaintiff has received an EEOC right to use letter for all Title VII counts. Defendant denies that Plaintiff has timely filed her charge of gender discrimination

with the EEOC. Defendant denies any remaining allegations and characterizations in paragraph 5 of the Amended Complaint.

## PARTIES

6. Defendant upon information and belief admits that Plaintiff is female, of Hispanic/Latino heritage, and from Mexico. Defendant denies the remaining allegations and characterizations in paragraph 6 of the Amended Complaint.

7. Defendant admits the allegations contained in paragraph 7 of the Amended Complaint.

8. Defendant denies the allegations contained in paragraph 8 of the Amended Complaint to that extent that this Court has ruled that the "University of Illinois" is not a proper party to this suit, but rather the Board of Trustees of the University of Illinois is the only properly named party. Defendant admits that the Board of Trustees of the University of Illinois is a covered entity within the meaning of the Civil Rights Act of 1866 and an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF FACTS

9. Defendant admits the allegations contained in paragraph 9 of the Amended Complaint.

10. Defendant denies the allegations contained in paragraph 10 of the Amended Complaint.

11. Defendant admits that Susan Elliott officially replaced Sandy Frank as the Associate Dean of Administration in the College of Business. Defendant denies that Elliott was satisfied with Plaintiff's performance.

12. Defendant denies the allegations contained in paragraph 12 of the Amended Complaint.

13. Defendant neither admits nor denies the allegations contained in paragraph 13 of the Amended Complaint as it lacks sufficient information to respond.

14. Defendant denies the allegations contained in paragraph 14 of the Amended Complaint.

15. Defendant admits the allegations contained in paragraph 15 of the Amended Complaint.

16. Defendant denies the allegations contained in paragraph 16 of the Amended Complaint.

17. Defendant denies the allegations contained in paragraph 17 of the Amended Complaint.

18. Defendant denies the allegations contained in paragraph 18 of the Amended Complaint.

19. Defendant denies the allegations contained in paragraph 19 of the Amended Complaint.

20. Defendant admits the allegations contained in paragraph 20 of the Amended Complaint.

21. Defendant denies the allegations contained in paragraph 21 of the Amended Complaint.

22. Defendant neither admits nor denies the allegations contained in paragraph 22 of the Amended Complaint as it lacks sufficient information to respond.

23. Defendant denies that Plaintiff's position at CPRBS was permanent. Defendant admits the remaining allegations contained in paragraph 23 of the Amended Complaint.

24. Defendant denies the allegations contained in paragraph 24 of the Amended Complaint.

25. Defendant admits the allegations contained in paragraph 25 of the Amended Complaint.

26. Defendant admits that Plaintiff was asked to create a report in preparation for a future meeting the Center's Advisory Board member, Mike Zychinski. Defendant neither admits nor denies the allegations that Plaintiff was asked to create a report consisting of all the "gift accounts by donor name and donation amounts" as it lacks sufficient information to respond.

27. Defendant admits that Plaintiff expressed confusion over whether the Conference Board Account was considered a "gift fund," and denies any remaining allegations and characterizations in paragraph 27 of the Amended Complaint.

28. Defendant admits the allegations contained in paragraph 28 of the Amended Complaint.

29. Defendant admits that in the September 4, 2015 meeting Winter was asked to clarify receipt of CPRBS funds from the Conference Board. Defendant denies any remaining allegations and characterizations in paragraph 29 of the Amended Complaint.

30. Defendant admits that on September 14, 2015, Plaintiff submitted an ethics inquiry by email to the University Ethics and Compliance Department and that Plaintiff wished to remain anonymous. Defendant denies any remaining allegations and characterizations in paragraph 30 of the Amended Complaint.

31. Defendant admits the allegations contained in paragraph 31 of the Amended Complaint.

32. Defendant admits the allegations contained in paragraph 32 of the Amended Complaint.

33. Defendant admits the allegations contained in paragraph 33 of the Amended Complaint.

34. Defendant admits the Plaintiff filed an "Inquiry Intake Form" with ODEA on October 12, 2015, but denies any remaining allegations or characterizations in paragraph 34.

35. Defendant admits the allegations contained in paragraph 35 of the Amended Complaint.

36. Defendant neither admits nor denies the allegations contained in paragraph 36 of the Amended Complaint as it lacks sufficient information to respond.

37. Defendant admits the allegations contained in paragraph 37 of the Amended Complaint.

38. Defendant denies the allegations contained in paragraph 38 of the Amended Complaint.

39. Defendant denies the allegations contained in paragraph 39 of the Amended Complaint.

**COUNT I**
**Title VII - Race**

40. Defendant asserts same responses as paragraphs above.

41. Defendant admits the allegations contained in paragraph 41 of the Amended Complaint.

42. Defendant denies the allegations contained in paragraph 42 of the Amended Complaint.

43. Defendant denies the allegations contained in paragraph 43 of the Amended Complaint.

44. Defendant denies the allegations contained in paragraph 44 of the Amended Complaint.

45. Defendant denies the allegations contained in paragraph 45 of the Amended Complaint.

46. Defendant denies the allegations contained in paragraph 46 of the Amended Complaint.

47. Defendant denies the allegations contained in paragraph 47 of the Amended Complaint.

48. Defendant denies the allegations contained in paragraph 48 of the Amended Complaint.

## COUNT II
## Title VII - National Origin

49. Defendant asserts same responses as paragraphs above.

50. Defendant admits the allegations contained in paragraph 50 of the Amended Complaint.

51. Defendant denies the allegations contained in paragraph 51 of the Amended Complaint.

52. Defendant denies the allegations contained in paragraph 52 of the Amended Complaint.

53. Defendant denies the allegations contained in paragraph 53 of the Amended Complaint.

54. Defendant denies the allegations contained in paragraph 54 of the Amended Complaint.

55. Defendant denies the allegations contained in paragraph 55 of the Amended Complaint.

56. Defendant denies the allegations contained in paragraph 56 of the Amended Complaint.

57. Defendant denies the allegations contained in paragraph 57 of the Amended Complaint.

### COUNT III
### Title VII - Gender Discrimination

58. Defendant asserts same responses as paragraphs above.

59. Defendant admits the allegations contained in paragraph 59 of the Amended Complaint.

60. Defendant denies the allegations contained in paragraph 60 of the Amended Complaint.

61. Defendant denies the allegations contained in paragraph 61 of the Amended Complaint.

62. Defendant denies the allegations contained in paragraph 62 of the Amended Complaint.

63. Defendant denies the allegations contained in paragraph 63 of the Amended Complaint.

64. Defendant denies the allegations contained in paragraph 64 of the Amended Complaint.

65. Defendant denies the allegations contained in paragraph 65 of the Amended Complaint.

## COUNT IV
## Title VII - Retaliation

66. Defendant asserts same responses as paragraphs above.

67. Defendant denies the contents of paragraph 67 of the Amended Complaint as it is a legal conclusion and not a fact pleading.

68. Defendant neither admits nor denies the allegations contained in paragraph 68 of the Amended Complaint as it lacks sufficient information to respond.

69. Defendant neither admits nor denies the allegations contained in paragraph 69 of the Amended Complaint as it lacks sufficient information to respond.

70. Defendant denies the allegations contained in paragraph 70 of the Amended Complaint.

71. Defendant denies the allegations contained in paragraph 71 of the Amended Complaint.

72. Defendant denies the allegations contained in paragraph 72 of the Amended Complaint.

73. Defendant denies the allegations contained in paragraph 73 of the Amended Complaint.

74. Defendant denies the allegations contained in paragraph 74 of the Amended Complaint.

75. Defendant denies the allegations contained in paragraph 75 of the Amended Complaint.

76. Defendant denies the allegations contained in paragraph 76 of the Amended Complaint.

## COUNT V
### (Illinois State Officials and Employees Ethics Act)

Dismissed.

## COUNT VI
### (Illinois Whistleblower Act, 740 ILCS 174/1 *et seq.*)

Dismissed.

## PRAYER FOR RELIEF

WHEREFORE Defendants BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, prays for judgment in their favor and against Plaintiff on the Amended Complaint, and for such other relief as the Court deems just. Defendant notes that all damages relating to Counts V and VI should be stricken from the Amended Complaint, as those Counts have been dismissed by the Court.

Defendant demands trial by jury.

## AFFIRMATIVE DEFENSES

NOW COMES Defendant, BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, by and through its attorneys, Thomas, Mamer & Haughey, LLP, and for its AFFIRMATIVE DEFENSE to Plaintiff's Amended Complaint, states as follows:

## Statute of Limitations

1. Plaintiff's claims of Title VII gender discrimination appear to arise from events spanning summer 2014 through October 2014.

2. Plaintiff did not file a charge of discrimination with the EEOC within 300 days of the alleged gender discrimination.

3. Plaintiff has not sufficiently pleaded a continuing violation between the alleged 2014 gender discrimination and any later allegations of Title VII discrimination

## Breach of Employment Contract

1. Plaintiff worked for Defendant under an employment contract which could be renewed or terminated annually.

2. As part of Plaintiff's obligations under the employment contract she was required to perform in a satisfactory manner.

3. Plaintiff breached the terms of her employment contract by failing to perform in a satisfactory manner.

/s/ **WILLIAM J. BRINKMANN**
Attorney William J. Brinkmann

Attorney for Defendant
Board of Trustees of the University of Illinois

Kenneth D. Reifsteck
Philip J. Pence
Thomas, Mamer & Haughey, LLP
30 E. Main, PO Box 560
Champaign, IL 61824-0560
PH: (217) 351-1500
Fax: (217) 351-2169
wjbrinkm@tmh-law.com
kdr@tmh-law.com
philip@tmh-law.com